# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2011

No. 10-50926
Summary Calendar

Lyle W. Cayce
Clerk

CASTANEDA CUTBERTO CARRENO,

Plaintiff-Appellant

v.

JEFFREY LNU, Senior Warden; WARDEN FNU BARBOSA, Assistant Warden;
SERGEANT FNU GONZALEZ, G.I.; JOHN B. CONNALLY UNIT,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-462

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cutberto Carreno Castaneda, Texas prisoner # 857042, appeals the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that officials at the John B. Connally Unit, where he is currently incarcerated, had committed numerous constitutional violations. In addition to holding that the majority of Castaneda's claims were factually frivolous, the district court concluded that Castaneda's challenge to the validity of his conviction and his allegation that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was falsely disciplined were not yet cognizable because he had not met the requirements under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The district court further concluded that the remainder of Castaneda's constitutional complaints, some of which extended back to 2000, were barred by the applicable statute of limitations.

We need not consider Castaneda's assertion that officials have engaged in a campaign of retaliation since he filed this appeal because we generally do not address arguments raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered."). Moreover, Castaneda does not address the district court's conclusion that his claims were barred pursuant to either *Heck* or the applicable statute of limitations. Because Castaneda has failed to identify any error in the district court's analysis, it is as if he had not appealed the judgment. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (42 U.S.C. § 1983 case); *see also United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986) (direct criminal appeal) (determining that a party who "offered only a bare listing of alleged errors without citing supporting authorities or references to the record" abandoned those claims on appeal).

Castaneda is warned that the district court's dismissal of his complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). He previously received a strike under § 1915. *See Castaneda v. Nunoz, et. al.*, No. SA-09-CA-556-FB (W.D. Tex. September 17, 2009). Castaneda is cautioned that he has now accumulated two strikes, and if he accumulates a third strike, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED. SANCTION WARNING ISSUED.